CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 1 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Criminal No. 7:05-CR-00082 |
| v. | ) |
| | ) |
| | ) **MEMORANDUM OPINION** |
| SHANNON JARRELL BROWN, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |
| | ) |

The defendant, Shannon Jarrell Brown, is charged with possession of a controlled substance, the unlawful transportation of firearms, and possession of a firearm in relation to a drug trafficking crime. Brown has moved to suppress evidence from the search of a trunk of a car and claims that the evidence was obtained in violation of his Fourth Amendment rights. Having conducted an evidentiary hearing, the court finds that the officers had probable cause to search the trunk, and thus, the court denies Brown's motion.

I.

On October 31, 2004, Officer Hudson received a call that a car was stopped in the middle of a busy intersection. When he arrived at the scene, he discovered Brown, apparently passed out, in the driver's seat of the car. Brown awoke when Hudson opened the car door, and Hudson smelled alcohol from within the car. He asked Brown for his driver's license, but Brown could not produce a license. Hudson then removed Brown from the car.

At this time, Officer Hodges arrived, and while Hudson conducted a sobriety test in a nearby parking lot, Hodges, with Brown's permission, moved the car from the intersection.

Shortly thereafter, Hudson arrested Brown for driving under the influence of alcohol, and Hodges proceeded to conduct a search of the car incident to the arrest. During the search, Hodges discovered digital scales in the console, smelled unburnt marijuana, and determined that the smell was coming from the trunk.[1] He then opened the trunk and discovered a small bag of marijuana, a pistol, Brown's wallet, and an opened soft-sided cooler that contained cocaine.[2]

## II.

Brown claims that officers did not have probable cause to search the trunk of the car. The government contends that given the circumstances the officers had probable cause to suspect that the trunk contained marijuana and that the search was valid. The court agrees with the government and dismisses Brown's motion to suppress the evidence.

Though the Fourth Amendment generally requires police to secure a warrant before conducting a search, the Supreme Court has recognized the "automobile exception." See Maryland v. Dyson, 527 U.S. 465, 466 (1999). "In cases where there was probable cause to

---

[1] Hodges testified at the hearing that he smelled the unburnt marijuana while searching the backseat of the car. One of the seats was folded down to accommodate a large speaker box, and when Hodges inspected the area around the speaker box, he determined that the smell was coming from the trunk.

Hodges testified that he has smelled unburnt marijuana hundreds of times and that it is a pungent smell that one does not forget. He also noted that the discovery of digital scales usually suggests drug distribution.

[2] Detective Crowley obtained a search warrant for the trunk after Hodges opened it and discovered the contraband. Crowley executed the search warrant; however, no additional evidence was discovered. To the extent that Brown may be challenging the validity of the search warrant, the court finds that Crowley acted in good faith, and thus, the court upholds the search warrant. See United States v. Perez, 393 F.3d 457, 460-61 (4th Cir. 2004) ("*Leon* teaches that a court should not suppress the fruits of a search conducted under the authority of a warrant, even 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'") (quoting United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002)).

search a vehicle 'a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.'" Id. at 467 (quoting United States v. Ross, 456 U.S. 798, 809 (1982)); see U.S. v. Carter, 300 F.3d 415, 422 (4th Cir. 2002) (holding that "probable cause must be tailored to specific compartments and containers within an automobile" and upholding the district court's finding that drug dog's "alerting was sufficiently close to the trunk to give [the officer] probable cause to believe [the trunk] contained contraband"). Given the circumstances, Hodges had probable cause to suspect that the trunk contained marijuana, and thus, the search of the trunk was valid.

### III.

For the reasons stated, the court denies Brown's motion to suppress.

**ENTER**: This /s/ day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE